IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY CAMEL,<br><br>        Petitioner,<br><br>  v.<br><br>MICHAEL A. SMELOSKY, Warden,<br><br>        Respondent.<br>                                          / | No. C 08-3583 WHA (PR)<br><br>**ORDER DENYING PETITIONER'S MOTIONS TO PROCEED IN FORMA PAUPERIS AND FOR APPOINTMENT OF COUNSEL; ORDER TO SHOW CAUSE** |

Petitioner, a California prisoner currently incarcerated at Centinela State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis and has moved for appointment of counsel.

Venue is proper because the conviction was obtained in Monterey County, which is in this district. *See* 28 U.S.C. § 2241(d).

## DISCUSSION

**A. MOTION FOR APPOINTMENT OF COUNSEL**

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."

///

Petitioner has presented his claims adequately in the petition, and they are not particularly complex.  The Court determines that the interests of justice do not require appointment of counsel at this stage of the case.

**B.**     **STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.**     **LEGAL CLAIMS**

A jury convicted petitioner of possession of cocaine base for sale.  With sentencing enhancements, he was sentenced to twenty-five years to life in prison.  His conviction was affirmed on direct appeal by the California Court of Appeal, and the California Supreme Court denied review.  Petitioner also filed state habeas petitions, which were denied.

As grounds for federal habeas relief, petitioner asserts that: (1) his counsel was ineffective in not objecting to the trial court's erroneous belief that it had no power to strike one or more of the prior convictions that were used for sentencing enhancement purposes under the "three strikes" law; (2) his counsel was ineffective in failing to present evidence of his work history at sentencing.  These issues are sufficient to require a response.

**CONCLUSION**

1. In view of petitioner's account balance and income, leave to proceed in forma pauperis (document number 2 on the docket) is **DENIED**. Petitioner shall pay the five-dollar filing fee within thirty days of the date of this order or this case will be dismissed. He should take care that the check or money order carries the number of this case, C 08-3583 WHA (PR), so the payment can be correctly applied.

2. Petitioner's motion for appointment of counsel (document number 3) is **DENIED**.

3. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

4. Respondent shall file with the court and serve on petitioner, within sixty days of service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of service of the answer.

5. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition. If a motion is filed it will be ruled upon without oral argument, unless otherwise ordered.

6. Petitioner is reminded that all communications with the court must be served on respondent by mailing a copy of the document to respondent's counsel. Papers intended to be filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also must keep the court informed of any change of address by filing a separate paper with the clerk

3

1  headed "Notice of Change of Address," and comply with any orders of the court within the time
2  allowed, or ask for an extension of that time.  Failure to do so may result in the dismissal of this
3  action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez*
4  *v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated:  August ___18___, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\CAMEL3583.OSC.wpd