United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  DANNY CAMEL,                                    No. C 08-3583 WHA (PR)

11              Petitioner,                         **ORDER DENYING PETITION FOR
                                                    WRIT OF HABEAS CORPUS**
12      v.

13  MICHAEL A. SMELOSKY, Warden,

14              Respondent.
                                        /
15

16                          **INTRODUCTION**

17          This is a federal habeas corpus action filed by a state prisoner pursuant to 28 U.S.C.

18  2254.  Respondent was ordered to show cause why the writ should not be granted based on the

19  claims set forth in the petition.  Respondent has filed an answer and a supporting memorandum

20  of points and authorities.  Petitioner responded with a document entitled "Petitioner's Answer to

21  Cause."  For the reasons set forth below, the petition is **DENIED**.

22                           **STATEMENT**

23          In 2007, petitioner pled guilty in Monterey County Superior Court to possession for sale

24  of cocaine base, and admitted two prior "strike" convictions, one for attempted murder and the

25  other for assault with a firearm (Exh. 1 at 1-4; Exh. 2, Vol. 1, at 6).  On January 25, 2007, the

26  trial court sentenced him to a term of twenty-five years to life in state prison under California's

27  "Three Strikes" law (Exh. 2, Vol. 2, at 290).  The California Court of Appeal affirmed the

28  judgment (Exh. 6).  The California Supreme Court denied his petition for review (Exh. 8).

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

A detailed summary of the facts of the crime is not necessary because petitioner's claims pertain to the sentence, not the evidence of his crime. The California Court of Appeal's brief summary, which is based on the probation report and is not disputed by petitioner here, will suffice:

> On February 20, 2004, the authorities received a tip that defendant was selling cocaine base or crack cocaine and had brandished a weapon in a high-crime area of Salinas. A parole agent directed defendant, who was on parole at the time, to report to the parole office. Defendant drove up and authorities searched his car. They found a canister with 12 grams of cocaine base apportioned into lots for street sales. They also found $1,100, divided into 11 $100 groupings, and a piece of paper containing data consistent with a tallying method used for sales of illegal drugs. Eventually, after lying to investigators about these facts, defendant admitted to them that he was in possession of cocaine base but said it was for his own use. He was unable to explain why the circumstances of his apprehension and the subsequent investigation suggested he was carrying cocaine base for sale rather than for personal use. For example, defendant told investigators that he did not know anything about the tallying sheet and that his girlfriend had given him the $1,100 after cashing her income tax refund check.

(Exh. 1 at 1–12.)

## ANALYSIS

### A. ISSUES PRESENTED

As grounds for federal habeas relief, petitioner asserts that his counsel was ineffective in not objecting to the trial court's erroneous belief that it had no power to strike one or more of his prior "strike" convictions, and in failing to present evidence of petitioner's work history in order to persuade the trial court to do so.

Petitioner is not entitled to federal habeas relief unless the state court's denial of his claim was contrary to or an unreasonable application of "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. 2254(d)(1).[1] The Supreme Court has not decided what standard should apply to counsel's performance in non-capital sentencing proceedings such as those at issue in this case. *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir. 2005). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme

---

[1] Petitioner does not assert any improper factual determinations by the state courts, and therefore Sections 2254(d)(2) and 2254(e) do not apply to his claim. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (Sections 2254(d)(2) and 2254(e) apply to state court factual determinations).

1 Court set the standard for ineffective assistance of counsel at trial but declined to "'consider the

2 role of counsel in an ordinary sentencing, which . . . may require a different approach to the

3 definition of constitutionally effective assistance,'" and no later Supreme Court decision has

4 done so either. *Cooper-Smith*, 397 F.3d at 1244 (quoting *Strickland*, 466 U.S. at 686).

5 Consequently, there is no "clearly established" Supreme Court precedent governing claims that

6 counsel was ineffective at a sentencing proceeding in a non-capital case. *Davis v. Grigas*, 443

7 F.3d 1155, 1158-59 (9th Cir. 2006); *Cooper-Smith*, 397 F.3d at 1244-45. In the absence of such

8 precedent, Section 2254(d)(1) precludes federal habeas relief on the basis of petitioner's claim

9 that counsel was ineffective at his sentencing proceeding. Accordingly, his petition for a writ of

10 habeas corpus must be denied.

**B. AMENDED PETITION**

12     After respondent answered the petition, petitioner submitted an amended petition. The

13 proposed amended petition uses a different form than the original petition, but otherwise sets

14 forth the same claims and arguments as the original petition. As the proposed amended petition

15 merely repeats the claims and arguments in the original petition, it is unnecessary, and leave to

16 file it will not be granted.

**CONCLUSION**

18     For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.

19     A certificate of appealability will not issue. Reasonable jurists would not "find the

20 district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*,

21 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of

22 Appeals.

23     The Clerk shall enter judgment in favor of respondent, and close the file.

24     **IT IS SO ORDERED.**

25 Dated: March _____, 2011.

26     WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

28 G:\PRO-SE\WHA\HC.08\CAMEL3583.RUL.wpd

3

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DANNY CAMEL,

Plaintiff,

v.

MICHAEL A. SMELOSKY et al,

Defendant.
_____/

Case Number: CV08-03583 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 14, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Danny Camel F-64835
California Men's Colony-East
P.O. Box 8101
San Luis Obispo, CA 93409-8101

Karen Z Bovarnick
Ofc Attorney General
455 Golden Gate Ave #11000
San Francisco, CA 94102-3664

Peggy S. Ruffra
CA State Attorneys Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Dated: March 14, 2011

Richard W. Wieking, Clerk

By: Brenda Tolbert, Deputy Clerk